### IRWIN v. HASSELMAN et al.

(Circuit Court, D. Indiana.   April 4, 1898.)

No. 9,397.

PATENTS—CONSTRUCTION OF CLAIM—INFRINGEMENT.

The Ryan patent, No. 379,334, for an improvement in book binding, alleged to consist in having the leaves in small bunches or sections secured to the back separately and flexibly, the leaves being rendered flexible by creasing them parallel to and a short distance from the back, construed in view of the patentee's acquiescence in the rejection of broader claims, and *held* to be entitled only to a narrow construction, and not to secure the exclusive right to use creased leaves in the manufacture of books.

This was a suit in equity by James M. Irwin against Otto H. Hasselman and others for alleged infringement of a patent for an improved method of binding books.

Paul Bakewell and James P. Baker, for complainant.
Addison C. Harris, for defendants.

BAKER, District Judge. This is a suit to restrain the alleged infringement of letters patent No. 379,334, granted to Michael Ryan, the assignor of the complainant. The patent is for the purpose of securing certain new and useful improvements in bookbinding. The object of the invention is stated to be "to provide a method of binding books, particularly blank books and books of record and reference, in such a manner that, when a book shall be opened at any point, the leaves may fall and be substantially flat, and the pages thus exposed present, as nearly as possible, a level surface, for convenience in writing and ruling thereon." The patent shows, describes, and claims two ways of carrying the invention into effect. In this case we are concerned only with the form of the invention illustrated by Figs. 2 and 3 of the drawing, and covered by claim 1 of the patent. Hence we shall refer here only to those parts ·of the specification and drawings of the patent which relate to this form. The form in question here is that illustrated by Figs. 2 and 3 of the drawings here reproduced:

*Fig. 2.*

*Fig. 3*

Referring to the above illustration, the specification states:

"D, Figure 2, is a sheet forming two leaves, which have been folded to form the creases d, d."

After stating the object of the invention, as before quoted, the specification proceeds (reference being here made only to Figs. 2 and 3, supra):

"This object I accomplish by forming a hinge joint in the leaf at a line parallel to, and a short distance from, the binding (which distance would vary according to the size of the book and weight of the paper), * * * by a crease made by folding as shown in Figure 2, * * * which will render the leaf flexible at that point."

The specification also describes and illustrates, by reference to Fig. 3, how the leaves (such creases being made as illustrated in Fig. 2) are

made into sections or bunches, and such sections or bunches are bound to the back by stitching. Fig. 3 is thus described in the specification:

"Figure 3 is a sectional view showing the bunch, C, attached to the flexible back, B, and a leaf of one half the bunch turned over upon the other half."

Claim 1 of the patent (the only claim involved in this suit) is:

"A book composed of sections or bunches of a small number of leaves, in which each section is secured to the back separately, and thereby flexibly thereon independently of the others, and in which the leaves are rendered flexible at a line parallel to and at a sufficient distance from the back, to allow each to lie flat upon the others when open, substantially as set forth."

The complainant, testifying as an expert in his own behalf, says that the difference in the manufacture of books according to the first claim of the Ryan patent and the old and familiar method of manufacture consists solely in the use of the creased leaves; that both kinds of books are of the same class and weight of paper, made up in bunches or sections exactly alike, sewed in the bands exactly in the same manner, except that a book of the old and familiar make has not the feature consisting of the creased leaves illustrated and described in the first claim of the Ryan patent. It is thus conceded that the sole novelty consists in the use of the creased leaves. This feature Ryan attempted to secure in various ways by the four claims contained in his application for a patent. These claims were:

(1) "A book having leaves rendered flexible at a line parallel to and a short distance from the back, substantially as and for the purpose set forth."

(2) "A book having leaves perforated at a line parallel to and a short distance from the back, substantially as and for the purpose set forth."

(3) "A book whose sections or bunches are composed of a small number of leaves fastened together at a line parallel to and a short distance from the back, substantially as and for the purpose set forth."

(4) "A book in which the leaves composing each half of each section or bunch are stitched together along a line parallel to and a short distance from the back, whereby they are both perforated and fastened to facilitate folding, substantially as set forth."

Each of these claims was rejected by the patent office on the ground of anticipation by former patents which were cited. The claimant acquiesced in such rejection, and, without making any change in his specification, filed the three new claims which were allowed, and constitute a part of the present patent, the first of which is the only one involved in this suit. There was no novelty in the individual steps in the manufacture of a book according to the rejected claims, except in respect of the creasing of the leaves. Acquiescence in the rejection of a claim distinctly covering this step raises a conclusive presumption that it possessed no novelty. Richards v. Elevator Co., 159 U. S. 477, 486, 16 Sup. Ct. 53. The patentee having once presented claims in such form as distinctly to secure to him the alleged novel feature of creasing the leaves, and the patent office having rejected them, he, having acquiesced in such rejection, is, under the repeated decisions of the supreme court, now estopped to claim the benefit of his rejected claims, or such a construction of his present claim as would be equivalent thereto. Morgan Envelope Co. v. Albany Perforated Wrapping-Paper Co., 152 U. S. 425, 429, 14 Sup. Ct. 627, and cases there cited.

In view of the action of the patent office, the claim in suit must

be narrowly construed. The elements of the claim are (1) a book composed of sections or bunches of a small number of leaves, (2) in which (book) each section is secured to the back separately, and thereby flexibly thereon independently of the others, (3) and in which (book) the leaves are rendered flexible, i. e. creased at a line parallel to and at a sufficient distance from the back to allow each to lie flat upon the others when open. The first and third of these elements are embraced in the rejected claims, and hence we are led to the conclusion that the introduction of the second element in the claim in suit was understood by the patent office to introduce some new and patentable element in combination with the first and third elements of the claim. The evidence shows that in the old and familiar art, as well as in that practiced by the defendants, no section or bunch of leaves is secured to the back independently of the others, but that each section or bunch is secured to the back in such manner that it is united to all the others, and that, if this union is destroyed, the book would come to pieces. The novelty in books made in accordance with the Ryan patent must consist, then, in one or both of these particulars: (1) That each bunch of leaves is secured to the back independently of the others; (2) that the leaves are creased before being formed into bunches. As to the first particular, it suffices to say that the defendants are not shown to have made any book in which each bunch of leaves is secured to the back independently of the others. The patentee, Ryan, acquiesced in the decision of the patent office that, in view of the prior art, he was not entitled to claim the creasing of the leaves as his invention. It follows, therefore, that the defendants were entitled to use leaves which had been creased in the manufacture of books, and, as every step practiced by the defendants in the process of manufacture is in exact accordance with the old and familiar art of bookmaking, it is not apparent why the defendants may not practice the old art using creased leaves. If the old art and the right to use creased leaves are open to them, surely they cannot be treated as infringers simply because the resulting book is similar to that of the complainant. If the right to use creased leaves is open to the public, as we think it is, it is difficult to understand why any one may not use them in the manufacture of books, when each step in the process is identical with the old and familiar art. The court is of opinion that the exclusive right to use creased leaves in the manufacture of books is not secured to the complainant, and that the defendants have not infringed by making books in the old way, in which creased leaves are used. The bill will be dismissed for want of equity. So ordered.